UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CONNIE A. SCHLEICHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:08-cv-175-JVB |
| | ) | |
| KATHY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Connie A. Schleicher, stepdaughter of Jack F. Atkinson, and Defendant Kathy Williams, daughter of Jack F. Atkinson, contest entitlement to their late father's $40,000 life insurance policy. Metropolitan Life Insurance Company, the insurer of Atkinson's life insurance plan, is unable to determine whether Plaintiff or Defendant is the proper beneficiary because of an ambiguity in the beneficiary designations on file with Atkinson's plan. The parties agreed to proceed in interpleader, and Metropolitan was dismissed from the case after depositing $40,000 plus accrued statutory interest into the registry of this Court.

Both Plaintiff and Defendant filed motions for summary judgment, which the Court will now address.

**A. Motion for Summary Judgment Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Parties opposing a motion for summary judgment must set forth in a "Statement of Genuine Issues . . . all material facts as to which it is contended there exists a genuine issue necessary to be litigated." L.R. 56.1. This notion also applies equally where, as here, opposing parties each move for summary judgment in their favor. *I.A.E.*, *Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir. 1996). The existence of cross-motions for summary judgment does not necessarily indicate that there are no genuine issues of material fact. *R.J. Corman Derailment Serv.*, *Inc. v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). Rather, an evaluation of the facts in a light most favorable to the nonmovant, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-motions, [the court's] review of the record requires that [the court] construe all inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arbitration Forums*, *Ins.*, 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

**B. Statement of Undisputed Facts and Procedural Background**

Jack F. Atkinson retired from U.S. Steel Corporation. As such, Atkinson had a group life insurance plan insured by Metropolitan Life Insurance Company. The plan permitted Atkinson to change the beneficiary at any time by filing a new beneficiary designation form with his employer (U.S. Steel), and according to the plan, once the employer receives the plan, the change takes effect as of the date the form was signed:

> You may change the Beneficiary at any time by filing a
> new form with the Employer. You do not need the consent

> of the Beneficiary to make a change. When the Employer receives a form changing the Beneficiary, the change will take effect as of the date you signed it. The change of Beneficiary will take effect even if you are not alive when it is received.

(Pl.'s Ex. 1. Life Ins. Policy at 21.)

U.S. Steel provided Beneficiary Designation Forms to the insured. Sections I, II, and III of the form are for the insured to list his or her primary beneficiaries, contingent beneficiaries, and the addresses of each beneficiary. Section IV of the form provides spaces for the insured's signature and social security number. There is no space for the insured to date his or her signature. Section IV also provides a space for the signature and seal of a notary and a date of notarization. Specifically, the form provides that the notary attests that the insured "subscribed and acknowledged that he / she executed this instrument for the purposes therein contained." (Groves Affidavit Ex. 1, Williams Beneficiary Designation Form.) However, the form states that notarization is only required if the insured's signature is not witnessed by a company representative. Section V of the form is reserved for company validation. Section V contains spaces for the signature of a company representative and for the date of the signature.

In March 1997, Atkinson's wife, Kathleen, passed away. Shortly after his wife's death, Atkinson filled out and signed a Beneficiary Designation Form to change the beneficiary on his life insurance policy from his deceased wife to his daughter, Defendant Kathy Williams. U.S. Steel validated the form on March 31, 1997. The form had not been notarized. Months later, in August, Atkinson filled out and signed a second Beneficiary Designation Form naming his stepdaughter, Plaintiff Connie A. Schleicher, as the sole beneficiary. Atkinson had the form notarized on August 13, 1997, and U.S. Steel

validated the form on August 20, 1997. The Court does not know the exact dates that Atkinson signed the Williams and Schleicher designation forms because no space for a date was provided on the Beneficiary Designation Forms to go along with Atkinson's signature. However, the parties do not dispute that Atkinson signed the Williams designation form prior to its validation by U.S. Steel on March 31, 1997, and the Schleicher designation form prior to its validation by U.S. Steel on August 20, 1997.[1]

At some point, U.S. Steel sent Atkinson the Williams designation form stating that it needed to be notarized. On November 26, 1997, Atkinson met with his son-in-law and notary, James Burns. Atkinson told him that he had received the Williams designation form back from U.S. Steel to be notarized. Atkinson asked Burns to notarize the form. Burns, noticing that the form had already been signed by Atkinson, notarized the form without making any other changes to it. (Pl.'s App. Ex. 3, Burns Deposition at 8–9.) Atkinson later returned the form to U.S. Steel.

Years later, on October 11, 2004, U.S. Steel sent Atkinson a letter to verify his life insurance coverage and designated beneficiaries. The letter stated that, as of that date, the amount of Atkinson's group life insurance policy was $40,000 and that Connie A. Schleicher was the primary beneficiary entitled to 100% payment under the policy. Atkinson was also provided a Beneficiary Designation Form. He was instructed to complete it if he wanted to change his beneficiary or, alternatively, not to take any action if no changes were necessary. U.S. Steel did not receive any new Beneficiary Designation Forms from Atkinson after the October 11 letter.

---

[1] Defendant has not, pursuant to Local Rule 56.1, contested Plaintiff's claim that Atkinson signed the Williams designation form prior to its validation by U.S. Steel on March 31, 2007.

Atkinson died on October 11, 2007. Shortly after his death, Plaintiff made a claim for the life insurance benefits. When reviewing Plaintiff's claim, Metropolitan was unable to determine whether Plaintiff or Defendant was the proper beneficiary. Although Metropolitan had both the Williams and Schleicher designation forms on file, the November notarization of the Williams designation form created an ambiguity as to Atkinson's beneficiary. Metropolitan notified both Plaintiff and Defendant that it could not determine the proper beneficiary. Metropolitan encouraged both parties to resolve the matter amongst themselves and told them that if they were unable to resolve the matter themselves, it would initiate an interpleader action.

Plaintiff and Defendant could not come to an agreement. On May 9, 2008, Plaintiff filed a complaint in the Lake County Circuit Court seeking damages and judgment against Metropolitan for life insurance proceeds amounting to $40,000, interest, and punitive damages. Plaintiff also joined Defendant to the suit because of her claim to the insurance proceeds. On June 10, 2008, Metropolitan removed the case to this Court. The parties agreed to proceed in interpleader, and Metropolitan was dismissed from the case after depositing $40,000 plus accrued statutory interest into the registry of this Court. Both Plaintiff and Defendant filed motions for summary judgment. In addition, Defendant moved to strike paragraphs of the Affidavit of Connie A. Schleicher.

**C. Discussion**

**(1)** *Defendant's Motion to Strike*

Defendant moved to strike paragraphs 7, 8, 9, and 10 of the Connie A. Schleicher affidavit. Defendant claims that Plaintiff's statements in these paragraphs are irrelevant to the Court's review of Atkinson's life insurance plan.

In paragraphs 7 and 8, Plaintiff states that she took possession of Atkinson's safety deposit box after his death and found a letter written by Defendant to Atkinson inside the safety deposit box. The letter is included in the affidavit as Exhibit 1. In paragraphs 9 and 10, Plaintiff attests that Exhibits 2 and 3 of the affidavit are the Last Will & Testaments of Atkinson executed on September 26, 1997, and November 1, 2005.

The Court is able to decide this case without relying on these paragraphs and need not make a decision on the merits of Defendant's motion to strike. Therefore, the Court will deny as moot Defendant's motion to strike.

**(2)** *Issue*

The sole issue in this case is whether the November 26, 1997, notarization of the Williams designation form caused the operative date of the form to be November 26, 1997. If so, Defendant is the sole beneficiary under the life insurance plan. However, if the notarization did not cause the Williams designation form to be operative on that date, Plaintiff is the sole beneficiary.

Plaintiff argues that that the Williams designation form was operative March 31, 1997, because the form was signed by Atkinson and received by U.S. Steel on that date. Plaintiff further argues that the Williams designation was revoked by the later Schleicher designation in August 1997. In contrast, Defendant claims that the Williams designation

form was operative November 26, 1997, because that is the date when the Williams designation form, previously signed by Atkinson, was notarized.

**(3)** *Law*

The parties agree that their conflict is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. §§ 1132(a)(1)(B). However, "ERISA does not contain any provisions governing disputes between claimants to plan proceeds, or addressing whether an insured has effectively changed a beneficiary designation." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 564 (7th Cir. 2002) (citing *Phoenix Mut. Life. Ins. Co. v. Adams*, 30 F.3d 554, 559 (4th Cir. 1994)). Rather, in interpreting an ERISA plan, this Court must apply the federal common law rules of contract interpretation. *See Kamler v. H/N Telecomm. Services, Inc.*, 305 F.3d 672, 680 (7th Cir. 2002) (citing *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 873 (7th Cir. 2001)). These rules require the Court to interpret the terms of an ERISA plan "in an ordinary and popular sense as would a person of average intelligence and experience." *Id.* (quoting *Swaback v. Am. Info. Techs. Corp.*, 103 F.3d 535, 540–41 (7th Cir. 1996)). The Court must determine whether the terms of the document governing the ERISA plan are ambiguous, and if there is no ambiguity, the Court will not look beyond the four corners of the plan to interpret its meaning. *See id.* (quoting *Neuma*, 259 F.3d at 873).

**(4)** *Analysis*

Atkinson's plan states that an insured may change the beneficiary "at any time by filing a new [beneficiary designation] form." (Pl.'s Ex. 1, Life Ins. Policy at 21.) The plan

also states that "[w]hen the Employer receives a form changing the Beneficiary, the change will take effect as of the date you signed it." (Pl.'s Ex. 1, Life Ins. Policy at 21.) The terms are unambiguous. Under an ordinary interpretation of the plan, a change in beneficiary becomes operative, as of the date signed by the insured, when the employer *receives* a *new* designation form, *signed* by the insured, listing a new beneficiary. The plan requires nothing more.

The Court can reach only one conclusion when applying the facts of this case to the plan's requirements for a change of beneficiary: Plaintiff was the sole beneficiary under the plan at the time of Atkinson's death. In March 1997, U.S. Steel received a Beneficiary Designation Form, signed by Atkinson, changing his beneficiary to Defendant. As a result, the Williams designation became operative. In August 1997, U.S. Steel received another Beneficiary Designation Form, signed by Atkinson, changing his beneficiary to Plaintiff. As a result, the Schleicher designation became operative, and the previous Williams designation was revoked.

The November 26, 1997, notarization of the Williams designation form changed nothing. At the request of U.S. Steel, Atkinson had the Williams designation form notarized. At no time did U.S. Steel indicate to Atkinson that the Williams designation form was invalid or that his notarization of the form would cause Defendant to be the beneficiary. Atkinson returned the form to U.S. Steel at its request. These actions did not constitute a new beneficiary designation. They were done entirely at the request of U.S. Steel and say nothing about Atkinson's intentions regarding his preference of beneficiary. The Williams designation form was previously *signed* by Atkinson and *received* by U.S. Steel in March. The notarized Williams designation form that Atkinson

returned to U.S. Steel was not a *new* form, which was required by the plain language of the plan to change a beneficiary. Thus, Plaintiff remained the sole beneficiary after the notarization of the Williams designation form. Plaintiff was the sole beneficiary in October 11, 2004, when U.S. Steel sent Atkinson a letter both notifying him that Plaintiff was his beneficiary and giving him the opportunity to change his beneficiary. Yet, U.S. Steel did not receive any new Beneficiary Designation Forms from Atkinson after the October 11 letter. Therefore, Plaintiff remained the sole beneficiary at the time of Atkinson's death on October 11, 2007.[2]

Defendant's argument that the Williams designation became operative when the Williams designation form was notarized on November 26, 1997, conflicts with the terms of the life insurance plan. The plan does not require notarization. Indeed, the plan is silent as to notarization in the context of changing beneficiaries. Rather, Defendant's argument relies on the text of the Williams designation form itself. The form states that it must be notarized if the insured's signature was not witnessed by an authorized U.S. Steel representative. (Groves Affidavit Ex. 1, Williams Beneficiary Designation Form.) Yet, the Williams designation form does not state that the form must be notarized to be operative. The Court would be looking beyond the four corners of the plan if it were to conclude that the plan's requirement that a Beneficiary Designation Form be "signed" implied a notarization requirement.

---

[2] Although not addressed directly by the parties, the Court also notes that the Court's interpretation would exceed the terms within the four corners of the plan if it were to conclude that the plan implied that the Beneficiary Designation Form had to be "accepted" by U.S. Steel, rather than simply received, to be operative. The United States Court of Appeals for the Eighth Circuit considered similar language in an ERISA plan. *See Alliant Techsystems, Inc. v. Marks*, 465 F.3d 864, 871 n.2 (8th Cir. 2006) ("No such designation, change or revocation shall be effective unless executed by Participant and received by the PRC or its designee during the Participant's lifetime."). In this case, the court said, "Giving effect to the form does not contradict the Plan's plain language, which requires only that the form be "received," not accepted." *Id.* at 871.

Furthermore, Defendant's argument that notarization has the legal effect of making a Beneficiary Designation Form operative is contrary to the common understanding of notarization. The act of notarization is most commonly considered to be an act of verifying the authenticity of a signature. Black's Law Dictionary 1087 (8th ed. 2004) (defining "notarize" as "to attest to the authenticity of a signature, mark, etc."); *see also In re Larry L. Thompson Revocable Trust*, 856 N.E.2d 1252, 1256 (Ind. Ct. App. 2006) (stating that a notary's function is simply to certify the validity of the signature). The Williams designation form itself provides that the notary attests that the insured "subscribed and acknowledged that he / she executed this instrument for the purposes therein contained." (Groves Affidavit Ex. 1, Williams Beneficiary Designation Form.) Defendant provides the Court with no authority to support the premise that notarization, without more, makes a Beneficiary Designation Form operative. The only legal effect of the notarization of the Williams designation form was to authenticate the signature Atkinson made months earlier.

**D. Conclusion**

Therefore, the Court DENIES as moot Defendant's motion to strike (DE 25). The Court DENIES Defendant's motion for summary judgment (DE 27) and GRANTS Plaintiff's motion for summary judgment (DE 19).

SO ORDERED on June 5, 2009.

             s/ Joseph S. Van Bokkelen
             JOSEPH S. VAN BOKKELEN
             UNITED STATES DISTRICT JUDGE
             HAMMOND DIVISION